UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DUANE CURREY,

        Plaintiff,

   v.

HOMECOMINGS FINANCIAL, LLC, f/k/a HOMECOMINGS FINANCIAL NETWORK, INC.,

        Defendant.
_____/

No. C 09-0276 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is a motion to dismiss filed by defendant Homecomings Financial, LLC, f/k/a Homecomings Financial Network, Inc. ("Homecomings"), which *pro se* plaintiff Duane Currey ("plaintiff") did not oppose. Nor did plaintiff file a statement of non-opposition pursuant to Civil Local Rule 7-3. Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of May 6, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the court GRANTS Homecomings' motion to dismiss.

**BACKGROUND**

According to the complaint, plaintiff purchased real property located at 4613 Stillwater Court, Concord, California 94521 (the "property"). Compl. ¶¶ 1. A Deed of Trust dated January 11, 2007 and recorded on January 22, 2007 indicates that plaintiff financed the acquisition of the property through a loan obtained from World Savings Bank, FSB. Def.'s Request for Judicial Notice ("RJN"), Exh. 2. On or about April 30, 2007, plaintiff obtained a loan from Homecomings to refinance the mortgage on the property. Compl. ¶¶ 2, 34, 50; Def.'s RJN, Exh. 1. The loan was secured by a Deed of Trust against the property, recorded on May 1, 2007. Compl. ¶ 50; Def.'s RJN, Exh. 1. Plaintiff did not

allege facts regarding whether a loan broker was involved in helping him obtain the loan. On some unknown date, the property was sold in foreclosure. Compl. ¶¶ 16, 18, 69-70.

On December 9, 2008, plaintiff filed the instant action in Contra Costa County Superior Court to rescind the loan transaction, generally alleging that the actions taken by Homecomings with respect to the loan transaction constitute unfair trade and predatory lending practices. Id. Through this action, plaintiff seeks "recovery for damages for non-disclosure of [his] right to cancel, non-disclosure of certain Truth in Lending disclosures and Federal violations of numerous consumer rights." Id. Plaintiff also seeks an immediate injunction enjoining defendants from taking steps to possess the property until this action is complete, including "any and all post-foreclosure steps to remove [p]laintiff from the property until the legality of the mortgage instrument and the subsequent bona fides of the foreclosure transfer is determined by this [c]ourt." Id. ¶¶ 1, 70.

Plaintiff's complaint alleges eight claims for relief: (1) violation of Cal. Bus. & Prof.Code § 10240 *et seq.*; (2) violation of Cal. Civ.Code § 1102 *et seq.*; (3) violation of Cal. Fin.Code § 4970; (4) breach of fiduciary duty; (5) violation of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), Regulation Z, 12 C.F.R. 226 ("Regulation Z"); (6) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"); (7) fraud/conspiracy; and (8) injunctive relief.[1]

On January 22, 2009, this case was removed on the basis of federal question jurisdiction. On January 27, 2009, Homecomings filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that each and every claim alleged in the complaint should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff did not file an opposition, nor did Homecomings file a reply.

///
///
///
///

---

[1] The court notes that while the allegations of wrongdoing in the complaint are directed at "defendants," the only defendant named in this action is Homecomings. The court will assume, for purposes of this motion, that all of the allegations of wrongdoing alleged in the complaint are directed at Homecomings.

2

**DISCUSSION**

A.   Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. Id. The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor do courts assume the truth of legal conclusions merely because they are cast in the form of factual allegations, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can prove facts different from those it has alleged. Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983). In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and documents attached thereto. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Specific facts are

1  unnecessary - the statement need only give the defendant "fair notice of the claim and the
2  grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell
3  Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)).  In order to survive a dismissal
4  motion, a plaintiff must allege facts that are enough to raise his right to relief "above the
5  speculative level." Twombly, 127 S.Ct. at 1965.  While the complaint "does not need
6  detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds'
7  of his 'entitlement to relief' [which] requires more than labels and conclusions, and a
8  formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  In
9  short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its
10 face," not just conceivable. Id. at 1974.

11       In addition, when resolving a motion to dismiss for failure to state a claim, the court
12 may not generally consider materials outside the pleadings. Lee v. City of Los Angeles,
13 250 F.3d 668, 688 (9th Cir. 2001).  An exception to this rule is that a court may consider a
14 matter that is properly the subject of judicial notice, such as matters of public record. Id. at
15 689; see also  Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir.
16 1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters
17 of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary
18 judgment).

19 B.    Request for Judicial Notice

20       Homecomings requests that this court take judicial notice of the following
21 documents: (1) Deed of Trust, dated on April 18, 2007 and recorded on May, 1 2007, in the
22 Official Records of Contra Costa County, California as Instrument No. 2007-0128425-00;
23 and (2) Deed of Trust, dated January 11, 2007 and recorded on January 22, 2007 as
24 Instrument No. 2007-0019622-00.  In addition, Homecomings requests that the court take
25 judicial notice of the following facts: (1) that the Federal National Mortgage Association[2]
26 conforming limit for a single-family first mortgage loan in 2007 was $417,000 as stated on

27
28

---

[2] The Federal National Mortgage Association is more commonly known as "Fannie Mae."

4

Fannie Mae's website;[3] and (2) that plaintiff's complaint was filed on December 9, 2008 as stated on the state court docket available on the Contra Costa County Superior Court website.

Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

As to the first two documents, the court takes judicial notice of these documents as they are matters of public record.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (A court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss.); W. Fed. Sav. v. Heflin, 797 F.Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust).

As to the factual information on Fannie Mae's website, the court takes judicial notice of this information as well.  See O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1224-25 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.").  The information being requested for judicial notice is not disputed and its accuracy is not reasonably questioned.

Finally, as to Homecoming's request that the court take judicial notice of the filing date of plaintiff's complaint as reflected on the state court docket available at the Contra Costa County Superior Court website, the court takes judicial notice of this information. See Reyna Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings in related litigation); Headwaters Inc. v. United States Forest Service, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) (courts may take judicial notice of the docket in related cases as materials from a proceeding in another tribunal are appropriate for judicial notice).

---

[3] http://www.fanniemae.com/newsreleases/2006/3862.jhtml?p=Media&s=News+Releases

5

According to the publicly available docket on the website for the Superior Court for Contra Costa County, plaintiff filed the instant action, <u>Currey v. Homecomings Financial, LLC, f/k/a Homecomings Financial Network, Inc.</u>, MSC08-03068, against plaintiff on December 9, 2008. See http://www.cc-courts.org/.

Accordingly, Homecomings' request for judicial notice is GRANTED.

C.      Homecomings' Motion to Dismiss

   1.      First Cause of Action: Violation of Cal. Bus. & Prof.Code § 10240

Plaintiff's first cause of action alleges that Homecomings breached its statutory duty to deliver required disclosures under Cal. Bus. & Prof.Code § 10240 *et seq.*

Section 10240(a) provides, in part:

> (a) Every real estate broker, upon acting within the meaning of subdivision (d) of Section 10131, who negotiates a loan to be secured directly or collaterally by a lien on real property shall, within three business days after receipt of a completed written loan application or before the borrower becomes obligated on the note, whichever is earlier, cause to be delivered to the borrower a statement in writing, containing all the information required by Section 10241.

Cal. Bus. & Prof.Code § 10240(a).

A real estate broker is acting within the meaning of § 10131(d) "if he or she solicits borrowers, or causes borrowers to be solicited, through express or implied representations that the broker will act as an agent in arranging a loan, but in fact makes the loan to the borrower from funds belonging to the broker." Cal. Bus. & Prof.Code § 10240(b).

Because the record indicates that Homecomings acted as the lender with regard to the financial transaction at issue, not as a real estate broker or mortgage broker, this claim is dismissed for failure to state a claim upon which relief may be granted. See <u>Engstrom v. Kallins</u>, 49 Cal.App.4th 773, 780 (1996) (Section 10240 includes not only situations where a real estate broker acts as mortgage broker, but also where a real estate broker initially offers himself as a mortgage broker but in fact ends up the lender.).

   2.      Second Cause of Action: Violation of Cal. Civ.Code § 1102 *et seq.*

Plaintiff's second cause of action entitled, "Violation of California Civil Code Section 1102 *et seq.*," alleges that Homecomings failed to satisfy the disclosure obligations of a broker as set forth in "California Civil Code Sections 1002.16 and 2079 to 2079.24."

However, because these provisions apply to real estate brokers and salespersons, not lenders, this claim is dismissed for failure to state a claim upon which relief may be granted. Moreover, as noted by Homecomings, because plaintiff obtained a loan from Homecomings for the purpose of refinancing the mortgage on his property, these provisions do not apply. See Cal. Civ.Code § 1102 ("this article applies to any transfer by sale, exchange, installment land sale contract, . . . lease with an option to purchase, any other option to purchase, or ground lease coupled with improvements, of real property. . ."); Cal. Civ.Code § 2079 ("It is the duty of a real estate broker or salesperson . . . to a prospective purchaser of residential real property . . .").

   3.   Third Cause of Action: Violation of Cal. Fin.Code § 4970

Plaintiff's third cause of action alleges that Homecomings failed to comply with the disclosure requirements of §§ 4970 and 4973.

A "covered loan" under § 4970 "means a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by [Fannie Mae] in the case of a mortgage or deed of trust . . ." Cal. Fin.Code § 4970. The 2007 maximum conforming loan limit for a single-family mortgage purchased by Fannie Mae was $417,000 for one-unit properties. Def.'s RJN, Exh. 3. The Deed of Trust dated April 18, 2007 states that plaintiff owes lender $495,000. Def.'s RJN, Exh. 1. Accordingly, because plaintiff's loan is not a covered loan, and therefore subject to the terms of the statute, this claim is dismissed for failure to state a claim upon which relief may be granted.

   4.   Fourth Cause of Action: Breach of Fiduciary Duty

Plaintiff's fourth cause of action alleges that Homecomings breached its fiduciary duty to him under Cal. Fin.Code § 4975.5.

Section 4975.5 provides:

> A person who provides brokerage services to a borrower in a covered loan transaction by soliciting lenders or otherwise negotiating a consumer loan secured by real property, is the fiduciary of the consumer, and any violation of the person's fiduciary duties shall be a violation of this section. A broker who arranges a covered loan owes this fiduciary duty to the consumer regardless of who else the broker may be acting as an agent for in the course of the loan transaction.

7

1  Cal. Fin.Code § 4975.5(a).

2  Because Homecomings did not provide brokerage services to plaintiff in a covered
3  loan transaction, this claim is dismissed for failure to state a claim upon which relief may be
4  granted.  Moreover, as Homecomings points out, this claim also fails as a matter of law
5  because the relationship between a lending institution and its borrower-client is not fiduciary
6  in nature.  Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1093 n. 1
7  (1991).  Without a fiduciary relationship, there can be no breach of fiduciary duty.

8      5.   Fifth Cause of Action: Violation of TILA

9  Plaintiff's fifth cause of action alleges that Homecomings violated the disclosure
10 requirements of TILA and Regulation Z.  Plaintiff seeks rescission of the mortgage loan and
11 damages.

12 A lender's violation of TILA allows the borrower to seek damages or to rescind a
13 consumer loan secured by the borrower's primary dwelling.  Plaintiff's damage claims
14 relating to improper disclosures under TILA are subject to a one-year statute of limitations,
15 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated.  King
16 v. State of California, 784 F.2d 910, 915 (1986).  Plaintiff alleges that he executed the loan
17 documents on or about April 30, 2007.  The instant action was not filed until December 9,
18 2008.  Plaintiff's request for monetary damages is therefore time-barred, unless the
19 doctrine of equitable tolling applies.  See id. (equitable tolling of civil damages claims
20 brought under TILA may, in the appropriate circumstances, suspend the limitations period
21 until the borrower discovers or had reasonable opportunity to discover the fraud or
22 nondisclosures that form the basis of the TILA action).  Because plaintiff's complaint does
23 not allege any facts demonstrating entitlement to equitable tolling, Homecomings' motion to
24 dismiss as to the TILA damages claim is granted without prejudice.  Plaintiff may amend
25 this claim if he can truthfully allege circumstances that would equitably toll the statute of
26 limitations.

27 As to plaintiff's claim for rescission based on the non-disclosure of documents, a
28 debtor has up to three years to rescind the transaction if the required notice or material
disclosures are not delivered.  12 C.F.R. § 226.23(a)(3); see also 15 U.S.C. § 1635.  The

8

1  relevant law for a claim of rescission based on an alleged TILA violation provides that "an
2  obligor's right of rescission shall expire three years after the date of consummation of the
3  transaction or upon the sale of the property, whichever occurs first[.]"  15 U.S.C. § 1635(f).
4  Although unclear from the allegations in the complaint, it appears that plaintiff did not give
5  appropriate notice of rescission under the TILA before the sale of the property.  Hallas v.
6  Ameriquest Mortg. Co., 406 F.Supp.2d 1176, 1183 (D. Or. 2005) (foreclosure sale
7  terminated plaintiff's right of rescission).  Accordingly, Homecomings' motion to dismiss as
8  to the TILA rescission claim is granted without prejudice.  Plaintiff may amend this claim if
9  he can truthfully allege circumstances that would make this claim timely.

        6.     Six Cause of Action: Violation of RESPA

11        Plaintiff's seventh cause of action alleges that Homecomings violated RESPA by
12 failing to provide him with the good faith estimate of settlement service charges or of
13 anticipated closing costs within three days of the consummation of the loan.  Although
14 plaintiff did not cite to a specific provision in the complaint, presumably plaintiff meant to
15 cite 12 U.S.C. §§ 2603 and 2604.  Under § 2604, the lender must provide the borrower with
16 "a good faith estimate of the amount or range of charges for specific settlement services
17 the borrower is likely to incur."  12 U.S.C. §  2604(c).  In addition, under § 2603  the lender
18 must complete and make available to the borrower either before or at settlement a uniform
19 settlement statement reflecting the actual settlement costs.  12 U.S.C. §  2603(b).
20 However, because there is no private right of action for disclosure violations under § 2603,
21 Bloom v. Martin, 865 F.Supp. 1377, 1384-85 (N.D. Cal. 1994), or under § 2604, Bamba v.
22 Resource Bank, 568 F.Supp.2d 32, 34-35 (D. D.C. 2008) (citing Collins v. FMHA-USDA,
23 105 F.3d 1366, 1367-68 (11th Cir. 1997), this claim is dismissed for failure to state a claim
24 upon which relief may be granted.

        7.     Seventh Cause of Action: Fraud/Conspiracy

26       Plaintiff's seventh cause of action alleges that defendants fraudulently induced
27 plaintiff into a "stated" income loan knowing that plaintiff did not qualify for said loan.
28 According to plaintiff, all defendants conspired to underwrite and/or possess this loan.

9

1          "Fraud is an intentional tort, the elements of which are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Cicone v. URS Corp., 183 Cal.App.3d 194, 200 (1986). "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). To comply with Rule 9(b), the circumstances constituting fraud shall be stated with particularity. "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir.1989). In this regard, it is sufficient to plead items such as the time, place and nature of the alleged fraudulent activities. Id. In addition, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.' " Id. at 765 (citing Moore, 885 F.2d at 541).

          The allegations in the complaint are wholly inadequate to state a fraud claim. The complaint does not identify any defendant besides Homecomings, let alone allege facts informing each defendant of the allegations surrounding their alleged participation in the fraud, i.e., the circumstances constituting fraud, such as the time, place and nature of the allegedly fraudulent activities. Accordingly, this claim is dismissed for failure to state a claim upon which relief may be granted.

          Plaintiff's complaint also fails to state a claim for civil conspiracy. Under California law, civil conspiracy is not a separate and distinct cause of action. Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1228 (9th Cir. 1997). "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7

Cal.4th 503, 510-11 (1994). Liability for civil conspiracy generally requires three elements: (1) formation of the conspiracy (an agreement to commit wrongful acts); (2) operation of the conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of the conspiracy. Id. at 511. The complaint does not sufficiently allege any agreement or common plan between Homecomings and any other entity or person to perform a wrongful act or knowledge that the act was wrong. Accordingly, this claim is dismissed for failure to state a claim upon which relief may be granted.

       8.     Injunctive Relief

Plaintiff's eighth cause of action seeks "an injunction to enjoin defendant from any and all post-foreclosure steps to remove [p]laintiff from the property until the legality of the mortgage instrument and the subsequent bona fides of the foreclosure transfer is determined by this [c]ourt."

A request for injunctive relief by itself does not state a cause of action and is properly brought before the court as a separate motion. Shamsian v. Atl. Richfield Co., 107 Cal.App.4th 967, 984-85 (2003). Moreover, even if the court were to construe this request as derivative of all other alleged causes of action, plaintiff would still bear the burden of showing either: (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in his favor. Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "As an 'irreducible minimum,' the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id.

Because a request for injunctive relief by itself does not state a cause of action, this claim is dismissed for failure to state a claim upon which relief may be granted. Plaintiff, however, may amend the complaint to include injunctive relief as a remedy for specific causes of action. To the extent that this claim is derivative of the other alleged causes of action alleged in the complaint, plaintiff has not sustained his burden to demonstrate a fair chance of success on the merits, and therefore is not entitled to injunctive relief based on his pleadings.

///

**CONCLUSION**

For the reasons stated above, the court GRANTS Homecomings' motion to dismiss. Plaintiff's first through eighth causes of action are dismissed. Because amendment would be futile with respect to plaintiff's first, second, third, fourth, sixth and eighth causes of action, these claims are dismissed with prejudice. Plaintiff shall file a first amended complaint with respect to his fifth and seventh causes of action or a statement indicating that he abandons these claims no later than May 22, 2009. The first amended complaint must comply with Rule 8 and Rule 9(b). If the first amended complaint is either filed untimely or lacks a cognizable claim, this action will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 1, 2009

PHYLLIS J. HAMILTON
United States District Judge